IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY EDWARD STRONG, #2073922, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-3329-C-BK |
| STATE OF TEXAS, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Timothy Edward Strong's *pro se Motion for Time Extension to File a Petition under 28 U.S.C. § 2254* was automatically referred to the United States Magistrate Judge for pretrial management, including findings and a recommended disposition. Upon review, it is recommended that the motion for extension of time be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Strong requests an extension of 180 days to prepare a federal habeas petition challenging his state court conviction in cause number F14-45651. Doc. 3 at 1-2. He states that the deadline for filing is February 19, 2019, and that he: (1) does not have access to pertinent information; (2) is waiting for results from a crime lab in Dallas; and (3) has a limited amount of time in the law library. However, his motion for extension is not accompanied by even a skeletal Section 2254 petition.[1]

---

[1] In addition, Strong neither paid the $5.00 filing fee nor submitted a motion for leave to proceed *in forma pauperis*.

Federal courts lack jurisdiction to consider the timeliness of a Section 2254 petition until it is actually filed.  *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))).  Thus, until Strong files a Section 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide.  *See, e.g., United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a motion to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1  (N.D. Tex. May 20, 2011), recommendation accepted, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction *pro se* motion for extension of time to file a Section 2254 petition).  To be sure, neither the Rules Governing Habeas Cases under Section 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition.  Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one‑year statute of limitations.  *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

For the foregoing reasons, the *Motion for Time Extension to File a Petition under 28 U.S.C. § 2254* should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[2]

**SO RECOMMENDED** January 16, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] The Court does not express any opinion as to the timeliness any petition that Petitioner may file at a later date. *See* 28 U.S.C. § 2244(d) (imposing a one−year statute of limitations for filing habeas corpus petitions in federal court); *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding that timely filing of a motion for extension of time, standing alone, was insufficient to toll one-year limitations period for filing a federal habeas petition).